RECEIVED

NOV 0 8 2005

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
MONROE LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. A. No. 02-30024-02 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JEDD P. JONES | MAG. JUDGE KAREN L. HAYES |

## RULING

Before the Court is a Motion for Release Pending Appeal ("Motion for Release") [Doc. No. 298] filed by Defendant, Jedd P. Jones.

For the following reasons, Defendant's Motion for Release is DENIED.

## FACTS AND PROCEDURAL HISTORY

On July 24, 2002, Defendant was charged in a multi-count indictment with health care fraud and related crimes.

On August 28, 2002, Defendant made an initial appearance before Magistrate Judge Karen L. Hayes. He was arraigned the same day and was released on an unsecured $50,000 bond.

On March 21, 2003, Defendant pled guilty to Count 3 of the Indictment, in which he was charged with health care fraud in violation of 18 U.S.C. § 1347. In the factual basis for the plea agreement, Defendant admitted, in part, that between April 1, 1997, and March 31, 1998, Riverbend Rehabilitation Hospital received reimbursement from Medicare on the basis of a cost report that "did not disclose the relationship that existed between [Riverbend] and the management company through the control that the management company exerted over [Riverbend]." Defendant

further admitted as follows:

> Based on the previous advice of legal counsel, [Defendant] was aware that the same entity could not own and manage a Medicare reimbursement facility without complete and truthful disclosure of the actual ownership of the facility and the management company, and that reimbursement of management costs would be limited to actual costs of the management company. Included in that cost report was the description of management fees paid to [Health One Management]. Jones received a share of those fees. Included in that report was the description of consulting fees paid by Riverbend to Jones. Jones did receive consulting fees as a result of his involvement in [Health One Management] and his relationship with Riverbend.

Sentencing was not set pending the resolution of the Co-Defendants' cases.

On October 13, 2005, Defendant was sentenced to a term of imprisonment of 12 months and one day. Defendant was ordered to report to the facility designated by the Bureau of Prisons by January 9, 2006.

On October 28, 2005, Defendant filed this Motion for Release. On October 31, 2005, the Government filed a memorandum in opposition to the motion.

## LAW AND ANALYSIS

Under 18 U.S.C. § 3143(b), a person who has been convicted of or pled guilty to an offense and sentenced may not be released pending appeal unless he establishes the following four factors:

(1) that he is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2) that the appeal is not for purposes of delay;

(3) that the appeal raises a substantial question of law or fact; and

(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal, in an order for a new trial, in a sentence without imprisonment, or in a sentence with reduced imprisonment.

*United States v. Clark*, 917 F.2d 177, 179 (5th Cir. 1990) (interpreting 18 U.S.C. § 3143(b)).

The parties agree that Defendant does not pose a flight risk or a danger to others. The Court also finds that Defendant's appeal has not been taken for the purpose of delay. However, the Court does not find that Defendant's appeal raises a substantial question of law or fact.

The Fifth Circuit has defined a "substantial question" as (1) a question that is novel, has not been decided by controlling precedent, or which is fairly doubtful, (2) a close question that could be decided the other way, and (3) a question that raises "a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *United States v. Valera-Elizondo*, 761 F.2d 1020, 1023-24 (5th Cir. 1985) (citing *United States v. Miller*, 753 F.2d 19, 23 (3d Cir.1985) and *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir.1985)).

In this case, Defendant's sentence was based upon the loss to the Government, reduced by the value of his management and consulting services. The Court credited Defendant and his Co-Defendant William H. Clark $178,000 per year for the services they rendered. However, Defendant argues that there is a substantial question whether the amount credited is reasonable when there was "[o]pinion evidence . . . that indicated . . . all of the amounts received by the defendants were reasonable compensation for the services that were rendered."

United States Sentencing Guidelines §2F1.1 provides the guideline ranges for loss in a fraud case.[1] "[L]oss is the value of the money, property, or services unlawfully taken." U.S.S.G. §2F1.1, cmt. n.7. While "loss need not be determined with precision," the Court must make "a reasonable estimate of the loss, given the available information." U.S.S.G. §2F1.1, cmt. n.8.

---

[1] Section 2F1.1 has since been replaced by § 2B1.1; however, the probation officer properly applied the more favorable 1997 guidelines.

3

This Court's calculation of loss attributable to Defendant's health care fraud scheme is a factual finding to be reviewed by the Fifth Circuit for clear error. *United States v. Sidhu*, 130 F.3d 644, 654 (5th Cir.1997). In this case, the Court engaged in a detailed review of the evidence submitted by the Government to the probation office in support of its contention as to the amount of loss. The Court credited Defendant on certain amounts that the Court did not believe had been proven. The Court also credited Defendant for the reasonable value of services provided to Riverbend based on the salary paid to the chief operating officer at a local hospital that is well known to the Court.

While defense experts testified that the amounts submitted by Defendant and his Co-Defendant Clark to Medicare for payment appeared to have been reasonable, on cross-examination the same experts admitted that they did not have all the facts regarding Defendants' criminal actions. At least one of the experts admitted that those facts, of which the Court was well aware, could affect his analysis.

Under these circumstances, the Court finds that there is no substantial question of law or fact for appeal.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Release Pending Appeal is DENIED. He will report to the Bureau of Prisons, as previously ordered, on January 9, 2006, and remain in custody while his appeal is pending.

MONROE, LOUISIANA, this 8 day of November, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE